UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ROLLER,

        Plaintiff,                               Civil Action No. 12-CV-11236

vs.                                                 HON. MARK A. GOLDSMITH

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

        Defendants.
_____/

**ORDER (1) GRANTING MS. ROLLER'S MOTION FOR RECONSIDERATION (DKT. 61), (2) DIRECTING THE CLERK TO REOPEN THE CASE, (3) ORDERING A SUBSTITUTION OF PARTIES, (4) DENYING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT (DKT. 52), and (5) ORDERING DEFENDANTS TO RE-FILE THE RENEWED MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is Patricia Roller's motion for reconsideration (Dkt. 61), requesting that the Court reconsider its prior decision dismissing this case upon the withdrawal of Chapter 7 Trustee, Collene K. Corcoran (Dkt. 60). For the reasons discussed below, the Court grants Ms. Roller's motion and now orders the substitution of Ms. Roller for Trustee Corcoran into this case.

When "a bankruptcy trustee chooses to formally abandon a claim . . . the cause of action revests in the bankrupt, and [she] can then bring suit." Mgmt. Investors v. United Mine Workers of Am., 610 F.2d 384, 392 (6th Cir. 1979). As Trustee Corcoran formally abandoned Ms. Roller's lawsuit against Defendants, the cause of action revested in Ms. Roller. Ms. Roller alleges that it was not clear that she could substitute back into the case upon the Trustee's withdrawal and, had she known, she would have requested to do so. Mot. for Reconsideration at 5-6. Defendants respond that even if Ms. Roller did substitute back into the case, the substitution

would be a moot point as the issues have been fully briefed and Ms. Roller has not made any showing that Defendants are not entitled to judgment as a matter of law.  See generally Defs. Resp. (Dkt. 62).

The Court finds that not having the full benefit of Ms. Roller's participation in the case is a defect in need of correction.  See E.D. Mich. LR 7.1(h)(3).  Ms. Roller is the party most likely to diligently and zealously pursue her claims, and, therefore, her full and active participation may result in a different disposition of the case.  Accordingly, Ms. Roller's motion for reconsideration (Dkt. 61) is granted.  The Clerk is directed to reopen the case and Ms. Roller is substituted for Trustee Corcoran as Plaintiff.  Defendants' renewed motion for summary judgment (Dkt. 52) is denied without prejudice, and Defendants are ordered to re-file and re-serve the motion as against the newly substituted Plaintiff.  Defendants have seven days from service of this Order to re-file and re-serve its motion.  Plaintiff may respond within twenty-one days of service.

SO ORDERED.

Dated: November 26, 2014  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 26, 2014.

s/Johnetta M. Curry-Williams  
JOHNETTA M. CURRY-WILLIAMS  
CASE MANAGER