UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ROLLER,

        Plaintiff,                              Civil Action No. 12-CV-11236

vs.                                             HON. MARK A. GOLDSMITH

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT (Dkt. 65)

### I.    INTRODUCTION

This case is presently before the Court on Defendants' renewed motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56 and the Court's November 26, 2014 Order.  Defs. Mot. (Dkt. 65).  For the reasons set forth below, the Court grants Defendants' renewed motion.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case has been adequately set forth in an earlier Opinion and Order of the Court granting in part and denying in part Defendants' motion to dismiss (Dkt. 12), and need not be repeated here.  The procedural history of this case is slightly more complex and merits a brief summary.

After the Court's ruling on Defendants' motion to dismiss, which dismissed all but one of Plaintiff Patricia Roller's claims, the parties engaged in discovery, culminating in Defendants filing a motion for summary judgment on Plaintiff's remaining claim (Dkt. 30).  The Court then learned that Plaintiff had initiated bankruptcy proceedings in the United States Bankruptcy Court

for the Eastern District of Michigan, Case No. 13-30627. In light of this development, the Court temporarily stayed this action to allow the Bankruptcy Trustee an opportunity to take action regarding Plaintiff's claims. See 9/11/2013 Order (Dkt. 39). At the same time, the Court denied without prejudice Defendants' motion for summary judgment. Id.

Bankruptcy Trustee Collene K. Corcoran moved to intervene as Chapter 7 Trustee for Plaintiff (Dkt. 41) and, following a hearing on the motion, the Court entered an Order substituting Trustee Corcoran as the plaintiff, pursuant to Federal Rule of Civil Procedure 25(c). 2/28/2014 Order (Dkt. 49). A new scheduling order was issued (Dkt. 51), and Defendants filed a renewed motion for summary judgment (Dkt. 52). Prior to a hearing on Defendants' motion, the Court received notice that Trustee Corcoran had elected not to pursue the matter further and was withdrawing from the case (Dkt. 58). Accordingly, the Court dismissed the action, and denied Defendants' renewed motion for summary judgment as moot (Dkt. 60).

Two weeks later, Patricia Roller filed a motion for reconsideration (Dkt. 61), requesting that the case be re-opened and that Roller be permitted to substitute back into the case as the plaintiff. The Court granted Roller's motion, re-opened the case, substituted Roller for Trustee Corcoran as the plaintiff, and ordered Defendants to re-file their renewed motion for summary judgment. See 11/26/2014 Order (Dkt. 64). Defendants promptly re-filed the renewed motion (Dkt. 65) and Plaintiff Roller filed a response (Dkt. 66). The Court struck Plaintiff's response for failing to comply with the Local Rules and the Case Management Order, which set forth the requirements for papers filed before this Court, including responses to Rule 56 motions; the Court directed Plaintiff to re-file her response within one week (Dkt. 67). Three months later Plaintiff filed her amended response to Defendants' renewed motion, which included requests to set aside the Sheriff's sale and to toll the running of the past-expired redemption period, or, in

the alternative, to convert the foreclosure by advertisement to a judicial foreclosure. See Pl. Resp. (Dkt. 69).[1] After the Court granted two extensions, Defendants filed their reply (Dkt. 71).

### III. ANALYSIS

**A. Legal Standard**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a defendant seeks summary judgment, the defendant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Furthermore, a "plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment . . . as long as the plaintiff has had a full opportunity to conduct discovery." Id. at 257. When evaluating the evidence, courts draw all inferences in favor of the non-moving party. Warf v. United States Dep't of Veterans Affairs, 713 F.3d 874, 877 (6th Cir. 2013).

**B. Discussion**

Plaintiff's sole surviving claim is that Defendants violated Michigan's loan-modification statute, Michigan Compiled Laws § 600.3205c (repealed 2013), by failing to provide Plaintiff with the calculations underlying the decision to deny her a loan modification. See 6/4/2012 Op.

---

[1] In addition to her response to Defendants' renewed motion, Plaintiff also filed a response to the Court's strike order (Dkt. 68), providing a purported explanation for the untimely filing and requesting that the Court accept the late filing.

& Order at 10, 12.[2] This error, Plaintiff contends in her Complaint, entitles her to an order setting aside the foreclosure sale and recognizing her as the legal title holder of the subject property.

However, as Defendants correctly point out in their motion, the exclusive remedy for violations of § 600.3205c is to seek a judicial foreclosure in lieu of a foreclosure by advertisement. Brown v. Wachovia Mortg., No. 307344, 2013 WL 6083906, at *5 (Mich. Ct. App. Nov. 19, 2013) (per curiam); Khoshiko v. Deutsche Bank Trust Co. Ams., No. 12-CV-14717, 2013 WL 5346400, at *2-3 (E.D. Mich. Sept. 23, 2013), aff'd, 574 F. App'x 539 (6th Cir. 2014) (per curiam). There is no indication in Plaintiff's Complaint or in the record provided to the Court by Defendants that Plaintiff has previously sought to convert the foreclosure by advertisement into a judicial foreclosure. Indeed, Plaintiff only just now, in her response to the

---

[2] Notwithstanding this, Plaintiff's response appears to reassert Count VI of her Complaint for "Deceptive Act and/or an Unfair Practice." Compare Pl. Resp. at 12-13, with Compl. ¶¶ 52-56. Count VI was dismissed by this Court in its earlier Opinion and Order granting in part and denying in part Defendants' motion to dismiss. See 6/4/2012 Op. & Order at 10-12.

In her response, Plaintiff also disputes Defendants' statement of fact indicating that, "on May 31, 2011, notice of the sale was posted at the front door of the [p]roperty." Defs. Mot. at 3. In support of this statement, Defendants offer an affidavit of posting, sworn before a notary public, attesting that a true copy of the notice of sale was posted to the front door of the residence. See Sheriff's Deed, Ex. F to Defs. Mot. at 5 (cm/ecf page) (Dkt. 65-6). Specifically, Plaintiff disputes that Defendants sent such a notice, and/or that the notice was posted within the statutory timeframe. Pl. Resp. at 10. Plaintiff asserts that had a true copy of the notice been posted, she would have sought a temporary restraining order against the sale or filed a motion to convert the foreclosure by advertisement into a judicial foreclosure. Id. In support, Plaintiff provides an affidavit attesting to as much, but the affidavit is neither signed by a notary public, nor is it sworn under penalty of perjury. See Roller Aff., Ex. to Pl. Resp. (Dkt. 69-1). However, Plaintiff never raised such an allegation in her Complaint, and she cannot now seek to raise new issues or otherwise amend her complaint in a response to a motion for summary judgment. See Tucker v. Union of Needletrades, Indus. & Textile Emp., 407 F.3d 784, 787-788 (6th Cir. 2005); Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 400 (6th Cir. 2007). Further, unsworn affidavits are not valid evidence for purposes of a motion for summary judgment. See Tenneco v. Auto. Operating Co., 410 F. App'x 841, 847-848 (6th Cir. 2010).

instant motion, requests that the Court set aside the foreclosure sale and convert the foreclosure by advertisement into a judicial foreclosure. See Pl. Resp. at 13.

However, the Court is unable to set aside the foreclosure sale. After the expiration of the statutory redemption period, courts "can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" Conlin v. Mortg. Elec. Registration Sys., Inc., 714 F.3d 355, 359 (6th Cir. 2013) (quoting Schulthies v. Barron, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). The alleged fraud or irregularity must arise out of or relate to the foreclosure procedure itself. Id. at 360. Furthermore, the Michigan Supreme Court made clear in Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012), that plaintiffs seeking to set aside a foreclosure sale on the basis of fraud or irregularity must demonstrate that they were prejudiced by the error constituting the fraud or irregularity; that is, the plaintiffs must show that they "would have been in a better position to preserve their interest in the property absent [the] defendant's noncompliance with the statute." Id. at 337; Conlin, 714 F.3d at 361-362; see also Bernard v. Fed. Nat'l Mortg. Ass'n, 587 F. App'x 266, 270 (6th Cir. 2014) (applying Kim in the context of the loan-modification statute).

Even assuming that violations of the loan-modification statute suffice to demonstrate a fraud or irregularity in the foreclosure process, Plaintiff has failed to plead any facts in her Complaint demonstrating that she was prejudiced by Defendants' failure to provide her with the calculations underlying the loan-modification denial. Even now, in her response, Plaintiff's only argument with respect to prejudice is that this Court previously concluded, in deciding Defendants' motion to dismiss, that it was not necessary for Plaintiff to affirmatively plead facts demonstrating how she had been harmed by Defendants' failure to provide the calculations

5

underlying the loan-modification denial. Pl. Resp. at 16-17.[3] Plaintiff asserts that "[t]he issue of prejudice endured by [Plaintiff] . . . can only be borne out through depositions or requests for admission or other forms of discovery," and, therefore, the Court is not in a position to determine at this stage of the litigation whether Plaintiff was in fact prejudiced. Id. at 17 (citing 6/4/2012 Op. & Order at 10).

However, Plaintiff's argument fails to recognize that the discovery period has long passed, see 12/10/2012 Order (setting forth a fact-discovery deadline of January 10, 2013) (Dkt. 24), and pending before the Court is Defendants' renewed motion for summary judgment. Thus, now would be the time for Plaintiff to proffer some evidence tending to show an issue of material fact with respect to any prejudice resulting from Defendants' noncompliance with the loan modification statute. Plaintiff has failed to do so. Plaintiff's response with respect to the prejudice argument contains no citation to any record evidence, and her affidavit — even if properly considered despite its own defects — does not speak to any prejudice resulting from a failure to receive the calculations underlying the loan-modification denial. The Court has reviewed Plaintiff's deposition, as provided by Defendants, and Plaintiff's testimony failed to squarely and unambiguously substantiate any argument that she would have been in a better position to preserve her interest in the subject property had she received the modification calculations. Her conclusory assertions that she was not given a fair opportunity to work out a

---

[3] However, since the issuance of that earlier decision, the Michigan Supreme Court decided Kim, making clear that a showing of prejudice is necessary to set aside a foreclosure marred by defects or irregularities. See Kim, 825 N.W.2d at 337. In the wake of the Michigan Supreme Court's decision in Kim, many courts, including this Court, have required plaintiffs "to affirmatively plead such prejudice." Griffin v. JPMorgan Chase Bank, N.A., No. 2:13-cv-10002, 2013 WL 6587870, at *4 (E.D. Mich. Dec. 16, 2013) (collecting cases); Etts v. Deutsche Bank Nat'l Trust Co., No. 4:13-cv-11588, 2014 WL 645358, at *8 (E.D. Mich. Feb. 19, 2014) (dismissing claims on motion to dismiss, because complaint failed to contain specific allegations of prejudice). Therefore, under Kim, Plaintiff's Complaint would remain subject to dismissal even at the motion-to-dismiss stage.

loan modification, Roller Dep., Ex. A to Defs. Mot. at 25 (cm/ecf page) (Dkt. 65-1), or that she was not allowed to explain herself or receive additional information, id. at 30 (cm/ecf page), would simply not permit a reasonable jury to conclude that Plaintiff would have been in a better position to preserve her interest in the property had she received the loan calculations, such that she was prejudiced by Defendants' error.[4]  As such, Plaintiff cannot demonstrate that Defendants' alleged error made the foreclosure sale voidable.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' renewed motion for summary judgment (Dkt. 65) is granted.  A judgment will issue contemporaneous with this decision.

SO ORDERED.


Dated: June 19, 2015                          s/Mark A. Goldsmith
     Detroit, Michigan                        MARK A. GOLDSMITH
                                              United States District Judge



### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2015.

                                              s/Johnetta M. Curry-Williams
                                              Case Manager

---

[4] Although Plaintiff stated in her deposition that she would have been able to present Defendants with the documentation showing that she was eligible for a loan modification had she received the calculations underlying the denial, Roller Dep. at 26 (cm/ecf page), she has provided the Court with no evidence suggesting that she was eligible for such a modification, aside from her subjective belief, id. at 25 (cm/ecf page).  Moreover, the deposition indicates that the financial information provided by Plaintiff to her former legal counsel, the basis for which she believed she was eligible for a modification, was different than the financial information provided to Defendants when Plaintiff initially applied for the modification.  Id. at 28 (cm/ecf page).

7